IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| POWER TOOL SPECIALISTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BLACK & DECKER, INC., and <br> BLACK & DECKER (U.S.), INC. <br><br> Defendants. | Civil Action No. 05-30192-MAP |

## COMPLAINT

Plaintiff Power Tool Specialists, Inc. (hereinafter "Plaintiff") brings this Action for trademark infringement and unfair competition against Defendants Black & Decker, Inc., and Black & Decker (U.S.), Inc. (collectively hereinafter referred to as "Defendants"). For its Complaint, Plaintiff alleges:

### The Parties

1. Plaintiff is a corporation of the Commonwealth of Massachusetts, and has a principal place of business at 3 Craftsman Road, East Windsor, Connecticut 06088.

2. Upon information and belief, Defendant Black & Decker, Inc. is a corporation of the State of Delaware, having a place of business at 1207 Drummond Plaza, Newark, Delaware 19711.

1

3. Upon information and belief, Defendant Black & Decker (U.S.), Inc. is a corporation of the State of Maryland, having a place of business at 701 East Joppa Road, Towson, Maryland 21286.

### Jurisdiction and Venue

4. Jurisdiction of this Court with respect to the claims set forth herein arises under the Trademark Laws of the United States, as set forth in Title 15, United States Code; and for the related claims of unfair competition, false designation of origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and Mass. Gen. Laws c. 93A, § 1 *et seq*. This Court also has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1332, as the matter in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00) and arises between an entity of this state and an entity of another state. The Court also has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b), and under the doctrine of supplemental and pendant jurisdiction.

5. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a).

### Background Facts Common to All Counts

6. Plaintiff is, and has been at all times relevant to the matters alleged in this Complaint, engaged in the business of providing bench and stationary power tools marketed under the TRADESMAN Brand Name.

7. In recognition of the distinctive quality of the TRADESMAN mark, the United States Patent and Trademark Office has granted United States Trademark Registration No. 1,565,504 for the TRADESMAN mark. (See Exhibit A).

2

8. In recognition of the distinctive quality of the TRADESMAN mark, the United States Patent and Trademark Office has granted United States Trademark Registration No. 2,205,373 for the TRADESMAN mark. (See Exhibit B).

9. U.S. Trademark Registration Nos. 1,565,504 and 2,205,373 for TRADESMAN are in full force and effect, and Plaintiff is the owner of the trademarks, the registrations therefor and the goodwill associated therewith.

10. U.S. Trademark Registration No. 1,565,504 has achieved incontestable status pursuant to 15 U.S.C. § 1065.

11. Each of U.S. Trademark Registration Nos. 1,565,504 and 2,205,373 is prima facie evidence of the validity of the registration, of Plaintiff's ownership of the TRADESMAN mark, and of Plaintiff's exclusive right to use the TRADESMAN mark in commerce on the types of goods identified in the Registrations, as provided in 15 U.S.C. §§ 1057(b) and 1115(a).

12. U.S. Trademark Registration Nos. 1,565,504 and 2,205,373 are constructive notice of Plaintiff's claim of ownership of the TRADESMAN mark pursuant to 15 U.S.C. § 1072.

13. Plaintiff also has pending trademark applications before the United States Patent and Trademark Office directed to the term "TRADESMAN". All of the foregoing marks, including the marks registered in U.S. Trademark Registration Nos. 1,565,504 and 2,205,373, are collectively referred to hereinafter as the "TRADESMAN marks".

14. Plaintiff has expended considerable time, money and effort in developing, advertising and promoting the TRADESMAN marks to acquire the goodwill associated therewith. Plaintiff has made such investment to cause consumers to recognize the TRADESMAN marks as distinctly designating Plaintiff's products as originating and otherwise being affiliated with Plaintiff in order to further develop and trade upon the goodwill associated with the TRADESMAN marks.

15. The TRADESMAN marks have acquired secondary meaning in the mind of the public which equates the marks with Plaintiff and Plaintiff's products.

16. Plaintiff has expended considerable time, money and effort in enforcing its rights in the TRADESMAN marks against other companies using, or attempting to use, the TRADESMAN marks in connection with goods and services identical to and/or confusingly similar to those goods with which Plaintiff uses its TRADESMAN marks.

17. Upon information and belief, Defendants are engaged in the business of manufacturing, marketing and distributing power tools and machines for use in applications including sawing, drilling, planing, routing, finishing, grinding, sanding, fastening and nailing.

18. Defendants have used, and upon information and belief, continue to use the TRADESMAN marks on their products, including drills, drill bits, and drill accessories.

19. Defendants have not received authorization from Plaintiff to use the TRADESMAN marks.

20. Notwithstanding Plaintiff's continuous and exclusive use and promotion of the TRADESMAN marks, Defendants have appropriated for their own benefit and use the TRADESMAN marks in connection with products identical or substantially identical to Plaintiff's products, including power tools, for sales and promotions which target the same class of customers.

21. Defendants continue to use the TRADESMAN marks, including with respect to power tools identical and/or confusingly similar to Plaintiff's products.

## Count I

### Federal Trademark Infringement – U.S. Registration No. 1,565,504

22. Plaintiff realleges each and every allegation set forth in paragraphs 1-21 inclusive, and incorporates those paragraphs by reference herein.

23. The unauthorized use by Defendants of a product designation confusingly similar to Plaintiff's federally registered TRADESMAN marks, namely U.S. Trademark Registration No. 1,565,504 (Exhibit A), in connection with products identical to or substantially similar to those of Plaintiff's TRADESMAN product line is likely to cause

5

confusion, mistake, or deception, as to the source or origin of the services, and as such infringes upon Plaintiff's TRADESMAN marks pursuant to 15 U.S.C. § 1114.

24. Upon information and belief, Defendants' use and misappropriation of Plaintiff's TRADESMAN marks in connection with products identical and/or substantially similar to those of Plaintiff's TRADESMAN product line is part of a deliberate plan of Defendants to trade on the valuable goodwill and reputation established by Plaintiff in the TRADESMAN marks and, as such, the infringement is willful.

25. The unauthorized use by Defendants of a mark confusingly similar to Plaintiff's TRADESMAN marks to advertise and promote products identical to and/or substantially similar to those of Plaintiff is likely to cause confusion, mistake, and/or deception as to the source or origin of the products provided by Defendants, and as such infringes Plaintiff's TRADESMAN marks pursuant to 15 U.S.C. §§ 1114 and 1116.

26. As a result of Defendants' infringement of the TRADESMAN marks, Plaintiff has been damaged and will continue to be damaged in an amount that cannot be presently ascertained or adequately compensated for in money damages, and will suffer further injury and irreparable harm unless and until Defendants' acts of infringement are enjoined.

## Count II

### Federal Trademark Infringement – U.S. Registration No. 2,205,373

27.     Plaintiff realleges each and every allegation set forth in paragraphs 1-26 inclusive, and incorporates those paragraphs by reference herein.

28.     The unauthorized use by Defendants of a product designation confusingly similar to Plaintiff's federally registered TRADESMAN marks, namely U.S. Trademark Registration No. 2,205,373 (Exhibit B), in connection with products identical to or substantially similar to those of Plaintiff's TRADESMAN product line is likely to cause confusion, mistake, or deception, as to the source or origin of the services, and as such infringes upon Plaintiff's TRADESMAN marks pursuant to 15 U.S.C. § 1114.

29.     Upon information and belief, Defendants' use and misappropriation of Plaintiff's TRADESMAN marks in connection with products identical and/or substantially similar to those of Plaintiff's TRADESMAN product line is part of a deliberate plan of Defendants to trade on the valuable goodwill and reputation established by Plaintiff in the TRADESMAN marks and, as such, the infringement is willful.

30.     The unauthorized use by Defendants of a mark confusingly similar to Plaintiff's TRADESMAN marks to advertise and promote products identical to and/or substantially similar to those of Plaintiff is likely to cause confusion, mistake, and/or deception as to the source or origin of the products provided by Defendants, and as such infringes Plaintiff's TRADESMAN marks pursuant to 15 U.S.C. §§ 1114 and 1116.

31. As a result of Defendants' infringement of the TRADESMAN mark, Plaintiff has been damaged and will continue to be damaged in an amount that cannot be presently ascertained or adequately compensated for in money damages, and will suffer further injury and irreparable harm unless and until Defendants' acts of infringement are enjoined.

### Count III

### Lanham Act Violations – False Designation of Origin and False Advertising

32. Plaintiff realleges each and every allegation set forth in paragraphs 1-31 inclusive, and incorporates those paragraphs by reference herein.

33. This count arises under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

34. Plaintiff has developed substantial goodwill and customer recognition in its TRADESMAN product line through extensive promotion and advertising.

35. Upon information and belief, Defendants have had prior notice of Plaintiff's TRADESMAN marks.

36. Defendants' use of Plaintiff's TRADESMAN marks to identify Defendants' products is confusingly similar to use of the TRADESMAN marks by Plaintiff.

37. The unauthorized use by Defendants of a mark confusingly similar to Plaintiff's TRADESMAN marks to advertise and promote products identical to and/or substantially similar to those of Plaintiff is likely to cause confusion, mistake, and/or

deception as to the source or origin of the products provided by Defendant, and as such infringes Plaintiff's TRADESMAN marks pursuant to 15 U.S.C. § 1125(a).

38. Due to confusion created by Defendants' use of the TRADESMAN marks, Defendants have unjustly received the benefit of Plaintiff's advertising and promotion of and goodwill in the TRADESMAN marks and product line.

39. The TRADESMAN marks are willfully and intentionally used by Defendants with the intent to trade on and benefit from the goodwill associated with Plaintiff's TRADESMAN marks and product line in the minds of purchasers.

40. Defendants' use of the TRADESMAN marks to identify its products is likely to mislead and misrepresent the source or origin of Defendants' products, and results in a false belief by consumers that Defendants' business is associated with Plaintiff and is authorized to use the TRADESMAN marks.

41. As a result of Defendants' false or misleading representations, Plaintiff has been damaged in an amount that is unknown and cannot at the present time be ascertained.

42. Unless enjoined by this Court, Defendants will continue to make false or misleading representations, to Plaintiff's continuing and irreparable injury for which there is no adequate remedy at law.

## Count IV

## Unfair Competition

43. Plaintiff realleges each and every allegation set forth in paragraphs 1-42 inclusive, and incorporates those paragraphs by reference herein.

44. By virtue of the foregoing acts, Defendants have used unfair methods of competition and unfair acts or deceptive acts or practices in the conduct of a trade or commerce, all in violation of the Mass. Gen. Laws c. 93A, § 1 *et seq.* and the common law of unfair competition.

45. The unauthorized use by Defendants of a mark confusingly similar to Plaintiff's TRADESMAN marks to advertise and promote products identical to and/or substantially similar to those of Plaintiff is likely to cause confusion, mistake, and/or deception as to the source or origin of the products provided by Defendants, and as such is a violation of the common law of unfair competition and is an unfair trade practice under applicable law.

46. As a result of Defendants' unfair methods of competition and unfair or deceptive acts or practices, Plaintiff has been damaged in an amount that is unknown and cannot at the present time be ascertained.

47. Unless enjoined by this Court, Defendants will continue to use unfair methods of competition and unfair or deceptive acts or practices, and Plaintiff will continue to suffer irreparable injury and harm for which Plaintiff has no adequate remedy at law.

**Prayer for Relief**

WHEREFORE, as relief, Plaintiff prays that:

1. Defendants, its owners, agents, servants, employees, attorneys, affiliates and all others in active concert or participation with it, be preliminarily and permanently enjoined and restrained from (1) using Plaintiff's TRADESMAN marks, logos and other designations or indicia which are likely to cause confusion, mistake, or deception with respect to Plaintiff's rights; (2) otherwise infringing rights in Plaintiff's TRADESMAN marks, and (3) competing unfairly with Plaintiff.

2. Defendants account for and pay to Plaintiff such damages, together with prejudgment interest thereon, as Plaintiff has sustained as a consequence of Defendants' infringement of Plaintiff's TRADESMAN marks, and account for and return to Plaintiff any money, profits and advantages wrongfully gained by Defendants because of such infringing actions.

3. Defendants account for and pay to Plaintiff such damages arising from Defendants' violations of the Lanham Act § 43(a), and Mass. Gen. Laws c. 93A, § 1 *et seq.*, and the common law of unfair competition.

4. Plaintiff be awarded treble damages due to Defendants' willful infringement.

5. Plaintiff be awarded its reasonable attorney's fees, costs, interest, and other expenses as allowed by 15 U.S.C. § 1117(a), Mass. Gen. Laws c. 93A, § 9, or any other applicable provision.

6. Plaintiff be awarded its damages for injury to goodwill and reputation caused by Defendants.

7. Defendants be ordered to post in a publication approved by Plaintiff an advertisement acknowledging ownership by Plaintiff of the TRADESMAN marks, or issue a retraction or apology by other such means as approved by Plaintiff.

8. Plaintiff be awarded such other and further relief as this Court may deem just and equitable.

## Jury Trial Demand

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Power Tool Specialists, Inc. demands a trial by jury on all issues so triable.

Respectfully submitted,

POWER TOOL SPECIALISTS, INC.
Plaintiff

Dated: 8-26-2005

By _____
J. Kevin Grogan (BBO635089)
Arthur F. Dionne (BBO125760)
Donald J. MacDonald (BBO644582)
Kevin H. Vanderleeden (BBO648361)
McCormick, Paulding & Huber LLP
1350 Main Street, 5th Floor
Springfield, MA 01103
Tel.: 860-549-5290
Fax: 860-527-0464

Attorneys for the Plaintiff

*Of Counsel*:

Wm. Tucker Griffith
McCormick, Paulding & Huber LLP
CityPlace II, 185 Asylum Street
Hartford, CT 06103-4102
Tel.: (860) 549-5290

Int. Cl.: 7

Prior U.S. Cl.: 23

Reg. No. 1,565,504

**United States Patent and Trademark Office**  Registered Nov. 14, 1989

## TRADEMARK
PRINCIPAL REGISTER

## TRADESMAN

POWER TOOLS SPECIALISTS, INC. (MASSACHUSETTS CORPORATION)
3 CRAFTSMAN ROAD
EAST WINDSOR, CT 06088

FOR: STATIONARY/BENCH ELECTRIC POWER TOOLS, NAMELY; TABLE SAWS, FLOOR DRILL PRESSES, MITER SAWS, FLOOR BAND SAWS, FLOOR JOINTERS AND PARTS THEREFOR, IN CLASS 7 (U.S. CL. 23).

FIRST USE 2-0-1987; IN COMMERCE 2-0-1987.

SER. NO. 774,976, FILED 1-17-1989.

STEVEN R. FINE, EXAMINING ATTORNEY



 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

Trademarks > Trademark Electronic Search System (TESS)

---

**TARR Status**  **ASSIGN Status**  **TDR Status**  **TTAB Status** ( *Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | TRADESMAN |
| **Goods and Services** | IC 007. US 013 019 021 023 031 034 035. G & S: power tools, namely, nailers, sanders, lathes, saws, mortising machines, drill presses, shapers, planers, grinders, jointers, dust collectors, and parts and accessories therefor, including chucks, blades, bits, chisels, knives, discs, drums, wheels, belts, sleeves, abrasive attachments, arbors, dados, moulding inserts, hex keys, brackets, plates, vises, jaws, clamps, guages, rip fences, guides, extensions, jigs, blocks, work supports, rollers, stands, casters, tables, tool collectors, dust chutes, vacuum attachments, control switches, cleaners, chuck adaptors, and push blocks. FIRST USE: 19870201. FIRST USE IN COMMERCE: 19870201 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75345996 |
| **Filing Date** | August 25, 1997 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | September 1, 1998 |
| **Registration Number** | 2205373 |
| **Registration Date** | November 24, 1998 |
| **Owner** | (REGISTRANT) Power Tool Specialists, Inc. CORPORATION MASSACHUSETTS 3 Craftsman Road East Windsor CONNECTICUT 06088 |
| **Attorney of Record** | |
| **Prior Registrations** | 1565504 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |



| .HOME | SITE INDEX | SEA... ...VACY POLICY

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
POWER TOOL SPECIALISTS, INC.

## DEFENDANTS
BLACK & DECKER, INC.
BLACK & DECKER (U.S.), INC.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
McCORMICK, PAULDING & HUBER LLP
1350 Main Street, 5th Floor
Springfield, Massachusetts 01103
(413) 736-5401

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☒4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
This action arises under the Trademark Laws of the United States, as set forth in Title 15, United States Code; and for related claims of unfair competition, false designation of origin under Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)) and Mass. Gen. Laws c. 93A, § 1 et seq.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE 8-26-2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Power Tool Specialists, Inc. v. Black & Decker, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✓] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, (840), 850, 890, 892-894, 895, 950.              for patent, trademark, or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   (NO)
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO [✓]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division [✓]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __J. Kevin Grogan, Esq.__
ADDRESS __1350 Main Street, 5th Floor__
TELEPHONE NO. __(413) 736-5401__

(CategoryForm.wpd - 5/2/05)

AO 120 (Rev. 3/04)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court __District of Massachusetts__ on the following ___ Patents or __X__ Trademarks:

| DOCKET NO.<br>CA-05-30192 MAP | DATE FILED<br>8/26/2005 | U.S. DISTRICT COURT District of Massachusetts |
|---|---|---|
| PLAINTIFF<br>Power Tool Specialists, Inc. | | DEFENDANT<br>Black & Decker, Inc.<br>Black & Decker (U.S.) Inc. |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 1,565,504 | 11/14/1989 | Power Tool Specialists, Inc. |
| 2 | 2,205,373 | 11/24/1998 | Power Tool Specialists, Inc. |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY |
|---|---|
| | ___ Amendment  ___ Answer  ___ Cross Bill  ___ Other Pleading |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director     Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director     Copy 4—Case file copy